**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION**

**CIVIL ACTION NO. 1:08-CV-57**

**DANIEL JOHNSON, Administrator
of the Estate of GLENDALE JOHNSON and
KELLI MONEYPENNY, Natural Mother and
Guardian for A.L.M. a minor**                                  **PLAINTIFFS**

**V.**

**KANDACE SLATON and
A.C.J., a minor**                                                                                **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a motion by the Plaintiffs to remand this action to Logan County (Kentucky) Circuit Court.[DN 8]. Fully briefed, this matter is ripe for decision. For the following reasons, the Plaintiffs' motion is **GRANTED**.

**I. FACTS**

On August 16, 2007, Glendal Johnson died as the result of a motorcycle accident. At the time of his death, Johnson had an ERISA-qualifed MetLife life insurance policy in the amount of $250,000. While Johnson was married to the Defendant Kandace Slaton ("Slaton"), Slaton was designated as a beneficiary to this life insurance policy. However, Johnson and Slaton subsequently divorced. Under the terms of their separation agreement, which was incorporated into their divorce decree, both parties mutually agreed not to make any claim on any interest owned by the other in life insurance proceeds. Nonetheless, following Johnson's death, the insurance company issued payment to Slaton in the amount of $250,000 since she was still the designated beneficiary of Johnson's life insurance policy. On April 8, 2008, the Plaintiffs brought this action in Logan County (Kentucky) Circuit Court and petitioned the court for a declaration of rights that the Plaintiffs are

entitled to payment of Johnson's life insurance proceeds from Slaton pursuant to the terms of the separation agreement and divorce decree. The Defendants then filed a notice of removal claiming this Court has original federal question jurisdiction over the action since the complaint asserts a claim for benefits under an employee benefit plan established and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. The Plaintiff subsequently filed the motion to remand that is now before the Court.

## II. ANALYSIS

The Defendants argue that this Court has jurisdiction because the Plaintiff's cause of action is completely preempted by ERISA. The Plaintiffs contend, however, that this action should be remanded because their cause of action arises solely under state law, since the life insurance benefits have already been distributed by MetLife and the ERISA plan itself is no longer relevant to the action.

Under 28 U.S.C. 1441(b), "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties." The party seeking removal under this statute has the burden of demonstrating that the district court has original jurisdiction. Eastman v. Marine Mech. Corp., 438 F.3d 544, 549 (6th Cir. 2006). "A claim falls within [a district court]'s original jurisdiction...only '[in] those cases in which a well-pleaded [c]omplaint establishes either that federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of substantial question of federal law.'" Id. at 550(quoting Thornton v. Southwest Detroit Hosp., 895 F.2d. 1131, 1133 (6th Cir. 1990)). Thus, "[i]f the complaint relies only on state law, the district court generally lacks subject -matter jurisdiction, and

2

the action is not removable." Gentek Bldg. Prods. v. Sherwin Williams Co., 491 F.3d 320, 325 (6th Cir. 2007). However,

> [t]he Supreme Court has developed a limited exception to the well-pleaded-complaint rule: the complete-preemption doctrine. If Congress intends that a federal statute should completely preempt an area of state law, any complaint alleging claims under that area of state law is presumed to allege a claim arising under federal law. The complaint may thus be removed to federal court and will be treated as alleging a federal cause of action, notwithstanding that, on its face, the plaintiff's complaint alleges only a state-law cause of action.

Id. (citations omitted).

Both the Supreme Court and the Sixth Circuit have emphasized the broad scope of ERISA's "expansive preemptive provision," 29 U.S.C. § 1144, which states that the ERISA remedial scheme "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute. Briscoe v. Fine, 444 F.3d 478, 497 (6th Cir. 2006)(quoting Davila, 542 U.S. at 208)). Thus, the issue before this Court is whether the Plaintiffs' state law cause of action is "related" to an ERISA plan; if it is, then ERISA preempts the Plaintiffs' state law claim and this Court has original and exclusive jurisdiction over the action.

The Defendants rely upon two Sixth Circuit cases, Metropolitan Life Ins. Co. v. Pressley, 82 F.3d 126, 129 (6th Cir. 1996), and McMillan v. Parrott, 913 F.2d 310 (6th Cir. 1990), in support of their position that ERISA preempts the Plaintiffs' state law cause of action. In both cases, the Sixth Circuit considered whether a former wife who was the designated beneficiary of an ERISA plan was entitled to the plan benefits even though she had waived her rights to such benefits in a divorce decree. Id. The Sixth Circuit held that any potentially relevant state law divorce decree was preempted by ERISA and that, therefore, the benefits in both cases had to be distributed to the former spouses because they were the designated beneficiaries under the ERISA plans. Id.

However, despite Pressley and McMillan, the Sixth Circuit has recognized that there may

3

be state law causes of action challenging a plan beneficiary's right to *retain* ERISA plan proceeds which do not "relate" to the plan, and, thus, are not preempted by ERISA. In Central States, Southeast & Southwest v. Howell, the court stated:

> It is clear that the law of this Circuit requires the ERISA plan administrator to pay out plan proceeds in accordance with the ERISA plan documents. However, there is no precedent binding on this Court on the issue of whether, once the beneficiary is determined, ERISA preempts all causes of action and possible remedies based upon state law that may be traced to the ERISA proceeds.

227 F.3d 672, 678 (6th Cir. 2000). In Howell, the court ultimately concluded that ERISA does not preempt the imposition of a constructive trust on benefits of an ERISA employee welfare benefit plan, in accordance with state law, once those benefits have been distributed according to the plan documents. Id. at 678-679.

Since Howell, at least three district courts in the Sixth Court have held that ERISA does not preempt state-law actions undertaken to recover ERISA plan insurance proceeds from a defendant/beneficiary after they have been distributed by the plan administrator. Couch v. Reinhold, 2008 U.S. Dist. LEXIS 17255 (W.D. Mich. 2008); Brown v. Estate of Edwin E. Sanger, 511 F. Supp.2d 850 (E.D. Mich. 2007); Francis v. Donovan, 2006 U.S. Dist. LEXIS 7586 (E.D. Mich. 2006). In Brown v. Sanger, as here, the plaintiff conceded that the defendant was entitled to receive the proceeds of an ERISA- qualified insurance policy under the terms of the plan, but challenged rather the defendant had a right to retain those proceeds under state law. In Sanger, the district court reasoned:

> [There is] a fundamental difference between state law causes of action that challenge a plan beneficiary's right to receive the proceeds of an ERISA plan and those that seek to challenge a plan beneficiary's right to keep the proceeds of an ERISA plan. Causes of action challenging a beneficiary's right to receive ERISA plan proceeds directly affect the administration of the ERISA plan. Because of this effect, these causes of action "relate to" the plan. Causes of action challenging a

4

> beneficiary's right to keep ERISA plan proceeds do not interfere with the administration of the ERISA plan. They deal only with the rights of the plan beneficiary and, therefore, do not "relate to" the ERISA plan.

511 F. Supp. at 853. Similarly, in Couch v. Reinhold, the court held that ERISA did not preempt a state law claim for a constructive trust against a defendant who had allegedly received the ERISA plan benefits in violation of a divorce decree. 2008 U.S. District LEXIS at *16. The court noted that, under Howell, ERISA does not prevent equitable remedies under state law from applying to ERISA funds once they are paid to a designated beneficiary. Id.

In light of Howell and its progeny, the Court concludes that the Plaintiffs' cause of action in this case does not relate to an ERISA plan and that it, therefore, is not preempted by ERISA. Thus, because the Plaintiff's cause of action arises solely under state law, the Court lacks subject-matter jurisdiction over this action.

### III. CONCLUSION

For the foregoing reasons, the Plaintiffs' motion to remand is **GRANTED**. **IT IS SO ORDERED**.

cc: Counsel of Record
    Logan Circuit Court